IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD RITZ CALLAHAN, NEIL DEAN NEARY, EDWARD THOMAS McINTEE, and WILLIAM THOMAS PENGELLY,<br><br>Defendants. | CR 15–37–BU–DLC<br><br>ORDER |

Before the Court are several joint motions by Defendants in this case. Defendants Edward Ritz Callahan, Neil Dean Neary, Edward Thomas McIntee, and William Thomas Pengelly (collectively ("Defendants") request that the Court: (1) dismiss this cause of action, or in the alternative, sever the current co-Defendants for trial (Doc. 57); (2) hold a pre-trial *James* hearing (Doc. 59); (3) order the Government to produce a bill of particulars (Doc. 67); (4) order the Government to produce information on all cooperating witnesses (Doc. 61); (5) order the Government to produce all *Henthorn*-type materials (Doc. 63); and (6)

1

unseal the sentencing transcript of an alleged cooperating witness (Doc. 69). The Government has responded to these motions and requests that the Court deny them either on the merits or as moot. For the reasons explained below, these motions will be denied.

## BACKGROUND

The Defendants in this case are charged in Count I of an underlying seven-count Indictment with conspiring to possess methamphetamine with intent to distribute (21 U.S.C. § 846). The alleged conspiracy was purported to have occurred in Silver Bow County, in the State and District of Montana, beginning on or about June 2012, and continuing until on or about February 2013. Count II of the Indictment also separately charges the Defendants with possession of methamphetamine with intent to distribute (21 U.S.C. § 841(a)(1)) during the same time period as Count 1. However, unlike Counts I and II, Counts III through VI allege that Defendants Callahan, Neary, and McIntee either distributed methamphetamine or possessed it with the intent to distribute (21 U.S.C. § 841(a)(1)) during different time periods than the charged conspiracy.[1] As stated

---

[1] Defendant McIntee, unlike his co-Defendants, is solely charged in Count VII of the Indictment with possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)). McIntee's motion challenging the sufficiency of the evidence supporting Count VII is discussed in another order by the Court.

above, Defendants bring six motions requesting various relief from the Court. The Court will address each motion separately.

## DISCUSSION

### A. Motion to Dismiss or Sever

Defendants first move the Court to dismiss the cause of action against them, or in the alternative, sever the co-Defendants to stand trial separately. Defendant McIntee also separately moves the Court to sever Counts VI and VII from Counts I and Count II of the underlying Indictment.

*i. Motion to Dismiss or Sever*

Defendants request the Court dismiss the cause of action against them pursuant to Federal Rule of Criminal Evidence 12(b)(1), which allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Defendants contend that the evidence to be produced by the Government at trial will show that "one star witness" engaged in multiple individual conspiracies with the Defendants as opposed to one overall conspiracy. (Doc. 58 at 3.) Accordingly, their individual trial rights, Defendants argue, are threatened by the possibility of a nonunanimous verdict and jury confusion. Defendants further argue that the failure to sever co-Defendants could result in prejudice if one co-Defendant testifies against the other Defendants or

3

offers contradictory or exculpatory testimony.

First, Defendants initial request to dismiss the "cause of action" against them is improper at this juncture in the proceeding. Defendants fail to provide any authority for the proposition that a criminal conspiracy should be dismissed because of the risk of jury confusion. This form of relief is inappropriate compared against the potential harms cited by Defendants.

Second, Rule 14 does permit severance of properly joined defendants when one or all may suffer prejudice by joinder at trial. Fed. R. Crim. P. 14(a). However, there is a preference in the federal system for joinder of co-indicted defendants because of its promotion of judicial efficiency and its prevention of inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Further, courts enjoy great discretion in evaluating the risk of prejudice and fashioning the appropriate remedy. *Id*. at 538–539 ("Mutually antagonistic defenses are not prejudicial *per se*. Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.") (citation omitted).

Here, severance is also not an appropriate remedy to address the alleged

harms advanced by Defendants.[2] The risk of jury confusion and of a nonunanimous jury can be remedied by preventative jury instructions. *See United States v. Lapier*, 796 F.3d 1090, 1097 (9th Cir. 2015) (stating that a specific unanimity instruction may be given to cure the possibility of jury confusion and risk of a nonunanimous verdict); *see also Zafiro*, 506 U.S. at 539 ( stating that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice"). Likewise, the risk of prejudice due to antagonistic defenses could also be alleviated by proper instruction. *Id.* at 540. Accordingly, Defendants' motion to sever co-Defendants will be denied.

    *ii. Motion to Sever Counts VI and VII*

Defendant McIntee also individually moves to sever, for purposes of trial, the charges brought in Counts VI and VII of the underlying indictment from the conspiracy and distribution charges brought in Counts I and II. Similar to the arguments above, McIntee argues that Counts VI and VII pertain to different time periods and involves conduct distinct from that charged in Counts I and II. McIntee contends that severance is necessary to avoid prejudice. However, as stated above, any potential risk of prejudice can be alleviated through jury

---

[2] The Court also notes that Defendants fail to argue that joinder under Rule 8 was not proper.

instructions. Accordingly, the Court will deny McIntee's motion to sever Counts VI and VII.

### B. Motion for a *James* Hearing

Defendants next request that this Court hold a pretrial *James* hearing. Similar to the arguments raised in the previous section, Defendants contend that the Government will produce testimony from "one star witness" who will present evidence of four separate conspiracies as opposed to one overall conspiracy. (Doc. 60 at 3.) Defendants maintains that this Court should hold a pretrial hearing to establish that a proper foundation exists for admitting statements made by co-conspirators. The Court declines to hold such a hearing.

Federal Rule of Evidence 801(d)(2)(E) states that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." *Bourjaily v. United States*, 483 U.S. 171, 173 (1987). In order to admit statements under Rule 801(d)(2)(E), a party must satisfy the three-part foundation test cited in *Bourjaily v. United States*. This test requires that: (1) "a court must be satisfied that the statement actually falls within the definition of the Rule"; (2) "[t]here must be evidence that there was a conspiracy involving the declarant and the nonoffering party"; and (3) "that the statement was made during the course and in

furtherance of the conspiracy." *Id.* at 175. In *United States v. James*, the Fifth Circuit held that a "district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator." 590 F.2d 575, 582 (5th Cir. 1979).

However, the Ninth Circuit has looked with disfavor upon a mandatory pretrial determination of the admissibility of co-conspirator statements. *United States v. Zemek*, 634 F.2d 1159, 1169 n. 13 (9th Cir. 1980). Accordingly, courts enjoy broad discretion in determining whether to hold a pre-trial hearing to review a co-conspirator statements. *United States v. Santa*, 2012 WL 1194680, at *2 (E.D. Cal. Apr. 10, 2012) ("[A] pretrial hearing to review co-conspirator statements is at least discretionary, if not disfavored, in the Ninth Circuit.").

Here, the Court elects to forgo a pretrial hearing to determine if these alleged statements satisfy Rule 801(d)(2)(E) and the three-part test in *Bourjaily*. Instead, the Court finds that best course of action is to wait until trial and evaluate the admissibility of these statements at trial when the evidence is presented. Defendants' motion for a *James* hearing will be denied.

### C. Motion for a Bill of Particulars

Defendants also move the Court to order the Government to produce a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). Defendants

7

maintain that the underlying Indictment in this case is deficient in that they "have no notice of when, where, or how the agreement to conspire was allegedly made, what acts (if any) were taken to further the conspiracy, or their alleged individual roles in the conspiracy." (Doc. 68 at 4.) Defendants further argue that the Indictment is devoid as to the "alleged overt acts taken to support the conspiracy, and in fact to whom any alleged acts in furtherance of the conspiracy were targeted." (*Id.*) As such, Defendants request a bill of particulars identifying certain information.

Federal Rule of Criminal Procedure 7(f) allows a court to direct the government to produce a bill of particulars. This document "is a formal written statement by the prosecutor providing details of the charges against the defendant." 1A Alan Wright, Andrew D. Leipold, Peter J. Henning & Sarah N. Welling, *Federal Practice and Procedure*, § 130 (4th Ed. 2012). The function of this document is to give "the defendant notice of the essential facts supporting the crimes alleged in the indictment or information, and also to avoid prejudicial surprise to the defense at trial." *Id*. A party "may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). However, "[f]ull discovery . . . obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

8

Further, "there is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy." *Id.* As such, the crux of whether to order the prosecution to produce a bill of particulars is not whether it would be helpful to the defense, but whether it is necessary to adequately defend against the charges at trial. *United States v. Giffen*, 379 F. Supp. 2d 337, 346 (S.D.N.Y. 2004).

First, Defendants failed to request a bill of particulars within the 14 day period described in Rule 7(f). Likewise, Defendants fail to explain why they request such relief at this point in the proceeding. Nonetheless, even if the Court were to ignore the untimeliness of this request, the Court finds a bill of particulars is not necessary to the Defendants' defense. Importantly, Defendants have in their possession, through discovery, the very information they now seek. Defendants now request, with particularity, how the Government will use this information at trial. This is not the appropriate use of a bill or particulars. *See United States v. Cheng*, 1995 WL 168905, * 6 (S.D.N.Y. April 7, 1995) ("There is no requirement for the Government to disclose the manner in which it will attempt to prove the charges, the precise manner which the defendant committed the crime charged, or to give a preview of its evidence and legal theories."). Defendants motion will be denied.

### D. Cooperating Witnesses

The Defendants next move the Court to order the Government to produce any information pertaining to cooperating witnesses that is required under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Brady*'s progeny. Defendants list 27 pages of potential discovery materials sought from the Government. In response to Defendants' motion, the Government states that the requested information: "(i) has already been produced, (ii) will be produced in a timely manner before trial, (iii) does not exist, or (iv) is outside the discovery obligations of the United States." (Doc. 82 at 2.) The Government further assures the Court that it will comply with the obligations imposed by *Brady* and its progeny, and will continue provide Defendants with the required discovery before trial. Defendants failed to reply to the Government's response, and as a result, the Court views Defendants' motion as resolved. Accordingly, Defendants motion will be denied as moot.

### E. *Henthorn* Materials

Similar to the previous motion, Defendants move the Court to order the Government to review the personnel files of the government agents in this case, including state agents, and produce any information that detrimentally affects their credibility, citing to *United States v. Henthorn*, 931 F.2d 29, 30 (9th Cir. 1991),

among other cases.  The Government has responded and promises to comply with the requirements established in *Henthorn*.  The Government further stipulates that it will also review the personnel files of the state and local law enforcement agents it will call at trial, despite having no legal obligation to do so, and will produce all material to Defendants that negatively affects these agents credibility.  As with the previous motion, Defendants failed to reply to the Government's response, and as a result, the Court views Defendants' motion as resolved.  Accordingly, Defendants' motion will be denied as moot.

**F.  Motion to Unseal Sentencing Transcript**

Lastly, Defendants move the Court to unseal a sentencing transcript of an alleged "key witness against Defendants."  (Doc. 70 at 2.)  Defendants contend that this potential witness either: (1) received a reduction in sentence, pursuant to United States Sentencing Guidelines § 5k1.1, at his sentencing in exchange for his cooperation with the Government in this case; or (2) hopes to receive a reduction in his sentence pursuant to Federal Rule of Criminal Procedure 35 for testifying against Defendants at trial.  Defendants ask that this witness's sentencing transcript be unsealed because it may contain impeachment information.

The Government has responded to Defendants' motion and states that it fully intends on complying with its obligation to produce potential impeachment

11

evidence, as required by *Giglio v. United States*, 405 U.S. 150 (1972).  Defendants further state this obligation includes impeachment evidence contained in documents filed under seal, including transcripts.  Because the Government is aware of its obligations under *Giglio*, the Court considers this motion moot and will deny it as such.

IT IS ORDERED that:

(1) Defendants' Joint Motion to Dismiss or Sever (Doc. 57) is DENIED.

(2) Defendants' Joint Motion for a Hearing (Doc. 59) is DENIED.

(3) Defendants' Joint Motion for a Bill of Particulars (Doc. 67) is DENIED.

(4) Defendants' Joint Motion to Produce Information on Cooperating Witnesses (Doc. 61) is DENIED as moot.

(5) Defendants' Joint Motion to Produce *Henthorn* Materials (Doc. 63) is DENIED as moot.

(6) Defendants' Joint Motion to Unseal Document  (Doc. 69) is DENIED as moot.

Dated this 2nd day of May, 2016.

Dana L. Christensen, Chief District Judge
United States District Court